## DOUDT *v.* LOVERIDGE.

LAND CONTRACT AS MORTGAGE—EVIDENCE.

> Evidence examined and *held* that the dismissal on the merits of a bill to have a land contract declared a mortgage was proper.

Appeal from Branch; Yaple, J.   Submitted November 18, 1904.   (Docket No. 110.)   Decided November 29, 1904.

Bill by Addie Doudt and Louisa Doudt against Henry C. Loveridge and Jessie M. Loveridge to have a land contract declared a mortgage, and for an accounting. From a decree dismissing the bill, complainants appeal. Affirmed.

*Charles M. Weaver*, for complainants.

*Campbell & Johnson*, for defendants.

HOOKER, J.   The complainants in this cause owned a farm and personal property in Branch county.   Upon the farm was a mortgage of $400, owned by one Baldwin, with some accumulated interest.

They had managed this farm for some years, and were so engaged when, in August, 1897, they were arrested upon a charge of malicious injury to property.   They employed counsel, giving him a mortgage of $500 upon the property to secure his payment and disbursements, which he claims was so applied, including payment to a firm of lawyers whom he was authorized to employ as associates. They also gave a chattel mortgage, the property covered by which was ultimately sold by the sheriff.   Addie Doudt was ultimately convicted and imprisoned for a year and a half in the Detroit house of correction.   Louisa Doudt was never convicted, being released from custody in September, 1898, something over a year after her arrest.

Counsel obtained from Addie a bill of sale to Louisa of her interest in the personal property.   There was some litigation or threatened litigation with the sheriff, which counsel looked after, and $225 was ultimately realized from that source and applied on services, and a portion upon the $500 mortgage.   H. C. Loveridge ultimately took assignments of both real-estate mortgages, and fore-

closed them, bidding the premises in for $1,075.52 in September, 1900. The premises were not redeemed. Complainants appeared in the case by counsel, but are said to have been poor and unable to pay him, and were compelled to abandon their defense.

On May 29, 1901, they entered into a contract whereby they leased the land from Loveridge for one year at a rental of $75. At the same time he executed and delivered to them a writing wherein he agreed to sell and deed to them the premises at any time before February 1, 1902, for $1,200 upon demand and payment according to its terms. After the expiration of this period and the lease, a demand was made for the possession, which being refused, summary proceedings were instituted, and thereupon the complainants filed the bill in this cause to have said last-mentioned agreement declared a lien, and for an accounting.

Upon the hearing the bill was dismissed. Our consideration of the testimony leads us to the same conclusion reached by the learned circuit judge. The question is wholly one of fact, and it would be profitless to discuss it further.

The decree is affirmed, with costs.

The other Justices concurred.